UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-22835-BLOOM/Elfenbein

SABRINA SORIANO,

    Plaintiff,

v.

THE NEIMAN MARCUS GROUP LLC,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant The Neiman Marcus Group LLC's ("Defendant") Renewed Motion for Relief Including Dismissal of Plaintiff's Action for Failure of Condition Precedent and Sanctions for Discovery Concealment, ECF No. [5] ("Motion"). Plaintiff Sabrina Soriano ("Plaintiff") filed a Response in Opposition ("Response"), ECF No. [7], but Defendant did not file a Reply. The Court has reviewed the Complaint, the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is denied.

    **I.**    **BACKGROUND**

This action arises from an injury Plaintiff allegedly sustained while patronizing Defendant's retail store in the Merrick Park Complex in Coral Gables, Florida. On March 20, 2024, Plaintiff was walking through Defendant's store when, without warning, "one of [Defendant's] employees dropped a large metal pole upon her head while [the employee] attempted to hang a curtain or drapery from the metal pole," causing Plaintiff injuries. ECF No. [1-2] at 2. Plaintiff filed her Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade

County, Florida, on June 25, 2024. *Id.* at 1. On June 24, 2025, Defendant timely removed the case to this Court based on the Court's diversity jurisdiction.[1] ECF No. [1].

Defendant now seeks to dismiss the Complaint because Plaintiff has failed to establish the statutory conditions precedent outlined in the 2023 Tort Reform Act (codified in relevant part in Fla Stat. § 768.0427).[2] ECF No. [5] at 1-2. Specifically, Defendant contends that because Plaintiff did not properly disclose the letters of protection she received from her healthcare providers, she is now barred from filing a suit for damages against Defendant. Plaintiff responds that § 768.0427 does not mandate dismissal of the claim simply because Plaintiff failed to disclose her letters of protection to Defendant prior to filing the instant action.

## II.   LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

[1] Although the case was removed more than thirty days after Defendant was served with the Complaint, as explained in Defendant's Notice of Removal, ECF No. [1], the removal was nevertheless timely given Plaintiff's express waiver of any timeliness defects.

[2] While Defendant contends that the Complaint should also be dismissed because (1) Plaintiff's Complaint is too "vague, indefinite and ambiguous" to state a viable cause of action; (2) "Plaintiff raises nonexistent duties upon which relief may be granted;" and (3) Plaintiff's Complaint "includes claims of negligent mode[s] of operation[] which have been long abrogated by Florida Statute," Defendant failsto address any of these arguments in its Motion. ECF No. [5] at 1-2. As such, the Court will not consider those arguments here. *See Turk Hava Yollari Anonim Ortakligi v. Erkilic*, No. 24-CV-20883, 2025 WL 1295060, at *5 (S.D. Fla. Jan. 23, 2025) ("When a litigant raises an argument only generally and fails to offer specific factual contentions or fails to support the argument with legal authority, a court may summarily reject the argument.") (citing *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278-79 (11th Cir. 2009).

accusation"). "On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 3:09cv495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Accordingly, "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, however, "a document outside the four corners of the complaint may still be considered if 'a plaintiff refers to [the] document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss.'" *McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1223 (S.D. Fla. 2019) (quoting *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007); *SFM Holdings, Ltd. v. Banc of Am. Secs.*, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010)); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

III.     DISCUSSION

Case No. 25-cv-22835-BLOOM/Elfenbein

Defendant argues that because Plaintiff filed her Complaint on June 25, 2024, the action is subject to the requirement of the 2023 Tort Reform Act, codified in relevant part in Fla. Stat. § 768.0427. ECF No. [5] at 2. § 768.0427(3)(a) provides:

> **(3) LETTERS OF PROTECTION; REQUIRED DISCLOSURES--**In a personal injury or wrongful death action, as a condition precedent to asserting any claim for medical expenses for treatment rendered under a letter of protection, the claimant must disclose:
>
> (a) A copy of the letter of protection.

Fla. Stat. § 768.0427(3)(a).

According to Defendant, Plaintiff never disclosed any of her letters of protection for her medical bills prior to initiating this lawsuit. ECF No. [5] at 5. Defendant asserts that "Florida law makes it a 'condition precedent' to asserting a claim for damage[s] for a claimant to [ ] disclos[e] [ ] Letters of Protection," and therefore, Plaintiff is barred from bringing the instant action due to her noncompliance. *Id.*

Plaintiff responds that § 768.0427 "does not mandate the dismissal of the claim." ECF No. [7] at 1. According to Plaintiff, § 768.0427 only requires plaintiffs to disclose *executed* letters of protection, "not letters of protection that were merely *requested* by a medical provider, but never executed." *Id.* Moreover, Plaintiff argues that while the statute requires "production of letters of protection as a condition precedent to 'asserting a claim for medical expenses for treatment rendered under a letter of protection,' it does not require such production as a condition precedent to filing a complaint." *Id.* at 2. Unlike other Florida tatutes, § 768.0427 does not expressly state that no lawsuit can be filed until the condition precedent is met. *See id.* at 3. As such, Plaintiff maintains her failure to provide the letters of protection prior to filing the lawsuit does not necessitate dismissal of the case. *Id.*

4

The Court finds that a plain reading of § 768.0427 does not require that a plaintiff disclose all letters of protection before he or she may bring any action for damages against a defendant. *See State v. Burris*, 875 So. 2d 408, 410 (Fla. 2004) ("[T]he statute's plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent."); *see also In re Griffith*, 206 F.3d 1389, 1393 (11th Cir. 2000) (en banc) ("In interpreting the language of a statute, we generally give the words used their ordinary meaning.") (citations and quotations omitted). Defendant attempts to read the term "claim" much more broadly than could reasonably be intended under the statute, thereby rendering the rest of § 768.0427(3) meaningless.[3] *See United States v. Fuentes-Rivera*, 323 F.3d 869,872 (11th Cir. 2003) ("[W]hen interpreting a statute, it is necessary to give meaning to all its words 'so that no words shall be discarded as being meaningless, redundant, or mere surplusage.'") (quoting *United States v. Canals–Jimenez*, 943 F.2d 1284, 1287 (11th Cir. 1991)); *Legal Env't Assistance Found., Inc. v. EPA*, 276 F.3d 1253, 1258 (11th Cir. 2001) ("[W]e must give meaning to all the words in the statute."). When reading the relevant provision as a whole, it is clear that § 768.0427(3) is merely a limitation on a plaintiff's ability to make "a claim *for medical expenses for treatment rendered under a letter of protection*;" it does not limit a plaintiff's ability to bring *any* cause of action for personal injury or wrongful death against a defendant.[4] Indeed, it possible that Plaintiff may be precluded from recovering damages for medical expenses she incurred that are covered by the

---

[3] When considering the preliminary clause of § 768.0427(3), it is evident that the legislature did not intend the term "claim" to be a substitute for the term "cause of action." Indeed, the legislature refers to a cause of action in the relevant statutory provision as an "action" and a request for a certain type of damages as a "claim."

[4] *See* Jessica S. Zelitt, *Florida Hb 837: A Political Stunt or Legitimate Civil Justice Reform?*, 47 Am. J. Trial Advoc. 65, 77-78 (2023) (explaining that § 768.0427 simply places limitations on uses of letters of protection and a plaintiff's ability to recover damages for medical expenses covered by a letter of protection).

letters of protection identified by Defendant.[5] However, the Complaint alleges Plaintiff suffered other forms of damages not directly related to her medical expenses, such as "pain and suffering . . . mental anguish, [and] loss of capacity for the enjoyment of life." ECF No. [1-2] at 2. § 768.0427 does not set out a condition precedent for recovery of these other types of damages and, as such, the statute does not preclude Plaintiff from bringing the instant action against Defendant.

As Plaintiff correctly points out, if the Florida legislature sought to require that the disclosure of letters of protection be a prerequisite to filing a complaint, asserting a cause of action, or instituting any personal injury litigation, it could have clearly set out such a requirement as it has done in other statutes. *See* ECF No. [7] at 2-3 (citing Fla. Stat. §§ 766.106(2),[6] 627.70152(3));[7] *see also United States v. Young*, 108 F.4th 1307, 1321 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 1959, 221 L. Ed. 2d 737 (2025) ("[T]he preeminent canon of statutory interpretation requires the court to presume that the legislature says in a statute what it means and means in a statute what it says there.") (quoting *Packard v. Comm'r*, 746 F.3d 1219, 1222 (11th Cir. 2014)). Therefore, because § 768.0427 does not require a plaintiff to disclose letters of protection before he or she files a complaint or initiates litigation, Defendant's Motion is denied.[8]

---

[5] Because the issue of whether Plaintiff may recover medical expenses covered by a letter of protection is not before the Court, the Court need not determine the scope of Plaintiff's available damages here.

[6] Fla. Stat. § 766.106(2) provides that "[a]fter completion of presuit investigation pursuant to § 766.203(2) and *before filing a complaint* for medical negligence, a claimant shall notify each prospective defendant of intent to initiate litigation for medical negligence . . .." (emphasis added).

[7] Fla. Stat. § 627.70152 states that "[a]s a condition precedent *to filing a suit* under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy . . .." (emphasis added).

[8] To the extent Defendant also seeks dismissal based on Plaintiff's purported discovery violations (i.e. failing to turn over the letters of protection while the case was pending in state court), *see* ECF No. [5] at 3, that request is also denied. "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). However, "[t]he sanction of dismissal is an extreme remedy and should not be imposed if lesser sanctions will suffice." *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988) (citing *Hashemi v.*

Case No. 25-cv-22835-BLOOM/Elfenbein

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [5]**, is **DENIED.**

2. Defendant shall file an answer to the Complaint no later than **September 25, 2025**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 11, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

*Campaigner Publications, Inc.*, 737 F.2d 1538, 1538–39 (11th Cir. 1984)). Here, Defendant has failed to make any showing that it was prejudiced by the late disclosure, that Plaintiff acted in bad faith by failing to timely disclose the evidence in question, or that any lesser sanctions would be insufficient. Accordingly, the extreme sanction of dismissal is not warranted under the circumstances. *Gratton*, 178 F.3d at 1375 ("We have held that a court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable, [and only] where any other sanction would fail to cure the harm that the attorney's misconduct would cause to the defendant[.]"); *see also DeepGulf Inc. v. Moszkowski*, 333 F.R.D. 249, (S.D. Fla. 2019) (denying motion for sanction where movant failed to "discuss or offer evidence concerning [ ] most of the factors th[e] court must consider in determining whether any sanction is warranted," including the prejudice purportedly suffered as a result of the opposing party's failure to timely produce the requisite discovery materials).