UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22835-BLOOM/Elfenbein

SABRINA SORIANO,

    Plaintiff,

v.

THE NEIMAN MARCUS GROUP LLC.,

    Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, THE NEIMAN MARCUS GROUP LLC., (hereinafter "Defendant"), and hereby provides its Answer and Affirmative Defenses to Plaintiff's operative Complaint, stating:

1. Admitted for jurisdictional purposes only.
2. Admitted for jurisdictional purposes only.
3. Denied as phrased.
4. Denied as phrased.
5. Denied as phrased.
6. Denied and strict proof thereof is demanded.
7. Denied and strict proof thereof is demanded.
8. Denied and strict proof thereof is demanded.

1

**AFFIRMATIVE DEFENSES**

DEFENDANT affirmatively states:

1. Defendant cannot be held liable for this alleged "dangerous condition" as it did not know, nor should have known by law of this alleged condition.

2. That Plaintiff is guilty of comparative negligence and should not recover; or, alternatively, any award to her must be reduced in proportion to the degree of her own negligence.

3. Plaintiff's own acts of negligence amount to a superseding cause that cuts off any causal connection between Defendant's alleged negligence and Plaintiff's damages. Plaintiff's failure to walk with due care, including observing where she was walking and how she walks and/or failing to exercise due care for her movements, is the actual and proximate cause of this incident.

4. That the status of the Plaintiff upon the alleged area was such that the Defendant did not owe the duty alleged in the operative Complaint to the Plaintiff. See *Post v. Lunney*, 261 So. 2d 146 (Fla. 1972); *Bruno v. Seigel*, 73 So. 2d 674 (Fla. 1954).

5. Plaintiff's claims are barred inasmuch as the Plaintiff knew of the existence of any alleged danger complained of in the operative Complaint, as she realized and appreciated the possibility of injury as a result of the danger alleged danger, and, having a reasonable opportunity to avoid it, voluntarily exposed herself to it and therefore assumed the risk of her injuries.

6. Plaintiff's claims are barred and there is no cause of action, as Plaintiff's Complaint raises nonexistent and defunct duties under Florida law.

7. Plaintiff's claims are barred and there is no cause of action, as the Plaintiff fails to state a cause of action against Defendant and Defendant did not create or permit any dangerous or

defective condition at the subject premises and otherwise exercised reasonable care in maintaining the premises at all relevant times.

8. Defendant alleges that any negligence alleged on behalf of Defendant, the existence of which Defendant expressly denies, was not the proximate cause of Plaintiff's injuries, if any, and as such, no liability exists.

9. That the injuries and damages alleged were caused by individuals and/or entities not under the control of Defendant, including Plaintiff. Defendant does not know the identity of all culpable non-parties at this time, but reserves the right to amend its affirmative defense based on future discovery. Pursuant to the holding of *Fabre v. Martin*, 623 So. 2d 1182 (Fla. 1993), these third or non-parties should appear on the verdict form for purposes of apportionment of fault.

10. That the Plaintiff has failed to mitigate her damages, if any; and, therefore, is not entitled to recovery of any damages which could have been mitigated.

11. That, all or part of the Plaintiff's damages, if any, have been paid by collateral sources as defined in Florida Statute §768.76, et seq., or are otherwise available within the meaning of §768.76(1) and/or other applicable Florida Statutes, and must be set off against any verdict in the case.

12. That Defendant hereby gives notice of its intent, pursuant to Florida Statute § 768.041, to rely upon the set-off created by any settlements, Defendant, and/or non-parties, in satisfaction of the same damages for which Plaintiff is suing. This right of set-off shall prevent duplicative recovery by Plaintiff. See *Wells v. Tallahassee Memorial Medical Center, Inc.*, 659 So. 2d 249 (Fla. 1995).

13. That the Defendant is entitled to an apportionment of damages in accordance with §768.81 of the Florida Statutes. Any judgment entered against the Defendant must be based on the

fault, if any, of the Defendant, and not on the basis of the doctrine of joint and several liability. Additionally, the Plaintiff's recovery must be reduced based upon the percentage of fault attributed to any non-party or party who is found to be at fault for the incident alleged by the Plaintiff. Future discovery will determine what additional parties, if any, were at fault and will be named in accordance with the *Fabre* and *Nash* decisions.

14. That the injuries and/or damages that the Plaintiff allegedly incurred were brought about by an intervening, superseding, independent, and unforeseeable cause over which the Defendant had no control and for which Defendant cannot be held liable for damages.

15. That the injuries or damages sustained by the Plaintiff, if any, were based in whole or in part upon a subsequent accident or aggravation which is not the responsibility of Defendant.

16. That the injuries or damages sustained by Plaintiff, if any, were based in whole or in part upon an intervening medical condition, a pre-existing and/or congenital/heredity condition which is not the responsibility of Defendant.

17. That this case is subject to the requirements of the Florida Tort Reform Acts.

18. Plaintiff's own acts of negligence amount to a superseding cause that cuts off any causal connection between Defendant's alleged negligence and Plaintiff's damages.

19. Defendant did not owe Plaintiff a duty to warn of the alleged condition as it was open and obvious. *Aaron v. Palatks Mall, LLC*, 908 So.2d 574 (Fla. 5th DCA 2005) citing *Ashcroft v. Calder Race Course, Inc.*, 492 So.2d 1309, 1311 (Fla. 1986); *Spatz v. Embassy Home Care, Inc*. 9 So.3d 697 (Fla. 4th DCA 2009).

20. That Plaintiff cannot recover under Florida Statute 768.0755 because no dangerous condition existed.

21. Plaintiff's claims are barred inasmuch as the Plaintiff knew of the existence of any alleged danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger, and, having a reasonable opportunity to avoid it, voluntarily exposed herself to it and therefore assumed the risk of her injuries.

22. Plaintiff's recovery for damages must be limited as Plaintiff has excessively treated including unreasonable and unnecessary treatment.

23. Plaintiff's recovery for damages must be limited as Plaintiff substantially delayed treatment, thereby contributing to her own pain and suffering; any permanency of any alleged condition; and any need for future medical care.

24. Plaintiff's claim for damages is barred by laches or estoppel. Plaintiff has failed to provide reasonable justification for her medical treatment while failing to provide information regarding medical history.

25. Through comparative negligence during the time of incident, Plaintiff is more than 50% at fault and is barred recovery. Fla. Stat. 786.81.

26. Pursuant to Florida Statute 768.0427, Plaintiff's recovery for past medical bills is limited to the amount actually paid; amounts necessary to satisfy pending charges for medical treatment that are due and owing but at the time of trial not yet satisfied; amounts necessary to provide any reasonable and necessary medical treatment or services the claimant will receive in the future. Fla. Stat. 768.0427(4).

27. To the extent Plaintiff's has not met conditions precedent, such damages are not recoverable. Fla. Stat. 768.0427.

28. The Complaint contains insufficient information to permit Defendant to raise all appropriate defenses and, therefore, Defendant reserves its right to amend and/or supplement its answer with additional affirmative defenses.

WHEREFORE, the Defendant respectfully requests that Plaintiff take nothing by reason of this action; that judgment be entered in favor of Defendant and over and against Plaintiff; that this matter be dismissed with prejudice; and for such further and other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of all issues triable as a matter of right by a jury.

Dated: September 24, 2025

*s/ Stephanie Andrade*
Stephanie Andrade, Esq.
Fla. Bar No. 1038704
Email: Stephanie.andrade@wglaw.com
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: Michael.garcia@wglaw.com

WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP
110 Merrick Way, Third Floor
Coral Gables, Florida 33134
Telephone:   (305) 787-3041
Facsimile:   (786) 259-0620